Citation Nr: 1755094 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 11-27 261 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to service connection for a bilateral hip disorder, including as secondary to the service-connected Freiberg's disease of the left foot. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Angeline DeChiara, Associate Counsel 






INTRODUCTION

The Veteran served on active duty in the United States Army from August 1969 to January 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

In June 2016, the Board requested a Veterans Health Administration (VHA) orthopedic expert medical opinion. In light of this opinion, the Board remanded this case to the Agency of Original Jurisdiction (AOJ) to readjudicate the Veteran's claim. Subsequently, in an April 2017 Supplemental Statement of the Case, the RO denied the Veteran entitlement to service connection for a bilateral hip disorder, including as secondary to the service-connection Freiberg's disease of the left foot. The claim has now returned to the Board for appellate adjudication.

For the reasons set forth below, this appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The VHA opinion was conducted by a VA orthopedic surgeon. The orthopedic surgeon concluded that "there is no scientific evidence that hip or pelvic degenerative disease is proximally related to any foot disorder." Although the orthopedic surgeon provided common etiologies for hip disease, his report did not determine if the Veteran currently suffers from a hip condition, nor did it identify any such condition. 

In response to the VHA expert opinion, the Veteran submitted additional medical evidence from his private treating chiropractor in support of his claim for secondary service connection. In his December 2016 report, the Veteran's chiropractor indicated that it is at least as likely as not that the Veteran's service-connected Freiberg disease caused a pelvic condition. However, the chiropractor provided little rationale for his conclusion, and was somewhat vague regarding the nature of the pelvic disability. Importantly, the chiropractor noted that the Veteran had a "subjective pain pattern as well as objective exam findings consistent with right hip joint degenerative joint disease." He did not, however, discuss x-ray findings of any degenerative joint disease of the right hip, nor did he provide a conclusive diagnosis in the right hip. 

A remand is necessary in this matter because the orthopedic surgeon that provided the VHA opinion partially based his rationale on a factual error. The orthopedic surgeon indicated that according to current medical literature, surgical intervention is only occasionally required in the more persistent and painful cases of Freiberg's disease. The orthopedic surgeon indicated in his report that "[t]here was NO information provided that this Veteran ever required any surgical invention for alleviation of any significant chronic fore foot pain after discharge" (emphasis in original). The orthopedic surgeon then used this information to determine that the Veteran's foot symptoms were mild, and opined that the Veteran's Freiberg disease did not result in a significantly altered gait affecting the hips and pelvis. However, a review of the Veteran's file indicates that he did in fact require surgery to alleviate his foot symptoms in April 1970. 

This factual inconsistency of the VHA opinion report substantially weakens its probative value. Consequently, the Board finds that the VA medical opinion is inadequate to fairly adjudicate the Veteran's claim. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008); see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

Once VA undertakes the effort to provide an examination, or obtain an opinion, it must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Thus, a remand for a new examination is necessary. Prior to scheduling the new examination, the RO should locate and associate with the claims file any outstanding VA treatment records, and also provide the Veteran with the opportunity to identify any outstanding private treatment records. 

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA or private treatment records related to the Veteran's claimed hip condition. 

2. Schedule the Veteran for an appropriate in-person examination for the Veteran's hip condition. 

The electronic claims file should be made available to and reviewed by the examiner. This record review should be noted in the examination report. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 

After the record review and a thorough examination and interview of the Veteran, the VA examiner should offer his/her opinion with supporting rationale as to the following inquiries: 

(a) Does the Veteran currently suffer from a hip condition that is distinctly different from his already service-connected degenerative disc disease? If the Veteran currently suffers from a hip condition, the examiner should identify this condition.

(b) If the Veteran currently suffers from a hip condition, is it at least as likely as not (a 50 percent or greater probability) that the Veteran's current disability is related to his active service, or is secondary (caused or aggravated) to his service connected Freiberg's disease.

A complete rationale for all opinions should be provided. If the examiner cannot provide the above requested opinions without resorting to speculation, it should be so stated and a rationale provided for such medical conclusion.

3. Following any additional indicated development, the AOJ should review the claims file and readjudicate the Veteran's claim for entitlement to service connection for a bilateral hip disorder. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
H.M. WALKER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).